Carl H. SCHWARZ, JR., and Frances R. Schwarz, Individually and as Tenants by the Entireties, Plaintiffs,

v.

TOWNSHIP OF HONEY BROOK, Defendant.

No. CIV. A. 00–5232.

United States District Court, E.D. Pennsylvania.

July 20, 2001.

Miles Warner, West Chester, PA, for plaintiffs.

Patrick C. O'Donnell, West Chester, PA, Thomas X. Mc Andrew, Jr., Siana and Vaughn, LLP, Exton, PA, for defendant.

## MEMORANDUM /ORDER

GREEN, Senior District Judge.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, Plaintiffs' Response, Plaintiffs' Supplemental Response and Defendant's Reply. For the following reasons, Defendant's motion will be granted.

### I. Factual and Procedural Background

"Since 1977, Plaintiffs have owned a dwelling house on Rock Road in Defendant Township." Pltfs.' Am. Complt. ¶ 5. The previous owner had subdivided the house into four separate, independent apartments. See Pltfs.' Am. Complt. ¶ 11. In 1979, Defendant enacted a zoning ordinance, which "limited the kind of residence permitted in [the subject district] to a 'single family detached dwelling'." See Pltfs.' Am. Complt. ¶ 7.[1] Allegedly, the ordinance was not enforced until 1995. See Pltfs.' Am. Complt. ¶ 8. In 1995, a newly appointed zoning officer determined that Plaintiffs were in violation of the ordinance. See Pltfs.' Am. Complt. ¶ 14. After Defendant rejected Plaintiffs' request to continue their use of the property by having it listed as "nonconforming use", the matter was brought before the Court of Common Pleas of Chester County, which, on May 13, 1999, upheld the Defendant's denial, and "ruled that Plaintiffs' house 'may only be used and maintained as a single-family residence.'" See Pltfs.' Am. Complt. ¶ 15. Since that court's ruling, Plaintiffs aver that they "have in good

---

1. By way of background, it is noted that the 1979 Ordinance classified the zone encompassing Plaintiffs' property as an "A Agricultural District." See Pltfs.' Am. Complt. ¶ 6. The 1979 Ordinance replaced an earlier ordinance, enacted in 1966, which designated this zone an "FR Farm Residential District." See Pltfs.' Am. Complt. ¶ 7. Under both ordinances, with immaterial exceptions, the only residence permitted in the "district" was a "single family detached dwelling." See Pltfs.' Am. Complt. ¶¶ 6–7. Both the 1966 and the 1979 Ordinances define a "single family detached dwelling" as:

Dwelling, Single-family, Detached. A building designed for and occupied exclusively asa residence for only one family and having no party wall in common with an adjacent building.

See Pltfs.' Am. Complt. ¶¶ 6–7.

faith done all things necessary to comply" with the court's decision. *See* Pltfs.' Am. Complt. ¶ 16. However, due to certain family exigencies, Plaintiffs have asked Defendant to allow them to use each apartment again, but solely for use by Plaintiffs' immediate family. *See* Pltfs.' Am. Complt. ¶¶ 17, 19. Defendant denied Plaintiffs' request, and also ordered that "Plaintiffs immediately remove all but one kitchen from their house or suffer fines of $500 a day for, assertedly, continuing to violate its ordinance." *See* Pltfs.' Am. Complt. ¶ 20. Plaintiffs feel that Defendant's interpretation of the ordinance is "unreasonable, unlawful, and at odds with its own definition of 'Dwelling, Single-family, Detached' in Section 201 of its 1979 Zoning Ordinance." *See* Pltfs.' Am. Complt. ¶ 21. On or about March 6, 2000, Defendant filed a civil action seeking enforcement of the ordinance, and reimbursement of $500 per day for each day of Plaintiffs' continuing violation of the ordinance. *See* Pltfs.' Am. Complt. ¶ 27. A district justice found in favor of Defendant, after which Plaintiffs appealed to the Court of Common Pleas of Chester County. *See* Pltfs.' Am. Complt. ¶¶ 28–29. On May 18, 2001, an arbitration panel of the Court of Common Pleas of Chester County heard the case, and ruled in favor of Plaintiffs. *See* Pltfs.' Response Exhibit A. Defendant has appealed that decision, and the litigation of that action continues.

On or about October 16, 2001, Plaintiffs filed the instant action, invoking the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332,[2] as well as this Court's original jurisdiction pursuant to 28 U.S.C. § 1331, alleging violations of the Fourteenth Amendment to the United States Constitution. Plaintiffs sought both equitable and compensatory relief, including an order restraining the Defendant from proceeding against Plaintiffs in the state-court action, a declaratory judgment that Plaintiffs' use of their house does not violate Defendant's zoning ordinance, and an order enjoining Defendant from any further actions against Plaintiffs. *See* Pltfs.' Am. Complt. at 11. Defendant filed a motion to dismiss Plaintiffs' Amended Complaint, arguing that (1) Plaintiffs have failed to assert a colorable federal claim; and, (2) even if Plaintiffs have stated a claim, the instant action is subject to dismissal under, *inter alia,* the *Younger* Abstention Doctrine.

## II. Legal Standard

▮▮▮ When considering a motion to dismiss, a court should dismiss a claim for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Because granting such a motion results in a determination on the merits at an early stage of Plaintiffs' case, the district court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the [Plaintiffs], and determine whether, under any reasonable reading of the pleadings, the [Plaintiffs] may be entitled to relief." *Colburn v. Upper Darby Twp.,* 838 F.2d 663, 664–65 (3d Cir.1988).

▮▮▮ The "*Younger* abstention doctrine," *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), counsels that a federal court should abstain from involving itself in a dispute when there are ongoing state proceedings involving important state interests which afford both parties an adequate opportunity to raise

---

2. Plaintiffs were alleged to be residents of Port Charlotte, Florida, and Defendant 'resides' in Chester County, Pennsylvania. Plaintiffs have averred that the amount in controversy exceeds $75,000. *See* Pltfs.' Am. Complt. ¶¶ 1–3.

claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).[3] "[B]ecause federal courts do have discretion in determining whether to grant certain types of relief, abstention is appropriate in a few carefully defined situations. But abstention remains the exception, not the rule. The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir.1992) (citations and internal quotations omitted).

Defendant argues that the Court should refuse to exercise jurisdiction over the instant matter, and either dismiss or stay the current action. Plaintiffs argue that, due to the constitutional issues extant, the Court should not abstain from adjudicating their case. *See* Pltfs.' Supplement at 7.

### III. Discussion

#### A. Ongoing State Proceedings.

Neither party challenges that the State court action qualifies as an "ongoing state proceeding," negating the necessity of an inquiry into this issue.

#### B. Important State Interests.

■ A state's interest in land use policy is an important state interest. *See Gwynedd Properties*, 970 F.2d at 1202. However, the mere fact that a land use dispute exists is not enough for a district court to abstain from adjudicating a controversy; rather, a district court must examine the facts carefully to determine what the essence of the claim is, because if, for example, a plaintiff alleges improper conduct or an unlawful conspiracy, abstention could be improper. *See Gwynedd Properties*, 970 F.2d at 1203; *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 748 (3d Cir. 1982). It is also important to realize that, as in the matter sub judice, the federal plaintiff's goal in bringing a federal action is "either to seek an injunction against the state proceedings themselves or to challenge the law being applied in those proceedings. Thus, where abstention is appropriate, there is often a nexus between the claims asserted in the federal action and the defenses of claims asserted or available in the state action." *See Gwynedd Properties*, 970 F.2d at 1200–01 (relying on *Ohio Civil Rights Comm'n. v. Dayton Christian Schools*, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986)).

The instant action is, essentially, a land use dispute. The allegations in Plaintiffs' Amended Complaint must be reviewed to determine if the nature of the land use dispute implicates separate federal claims, or contains other allegations of improper conduct which would negate the possibility of abstention.

Plaintiffs' chief complaint is that the Defendant's application of the Pennsylvania Municipalities Planning Code ("PMPC") is unconstitutional.[4] However, Plaintiffs do not allege that Defendant has acted in any improper or vexatious way. Plaintiffs only

---

**3.** "Even if these three elements are satisfied, abstention is not appropriate where the federal claimant makes a showing of bad faith, harassment, or some other extraordinary circumstance." *See O'Neill v. City of Philadelphia*, 32 F.3d 785, 790 n. 11 (citing *Middlesex*, 457 U.S. at 435, 102 S.Ct. 2515). In the present case, no such extraordinary circumstances are alleged or apparent.

**4.** The relevant portions of Plaintiffs' Amended Complaint are as follows:

30. The procedure available to Plaintiffs under Section 617.2. above quoted, of the Pennsylvania Municipalities Planning Code, leaves them no room to defend against [Defendant's] unjust claim that they continue to violate its Zoning Ordinance, save by incurring the risk of the Draconian penalty of $500 a day accrued over a long period of

allege that, as applied to them, the PMPC is unfair, oppressive and violative of due process. At this stage in the analysis, the critical question regarding abstention and retention is whether Plaintiffs are challenging the state law itself, or challenging some conduct which is outside the application and interpretation of the law. Here, Plaintiffs are merely challenging the application of the PMPC by Defendant, and does not allege that they are being singled out unjustly or discriminatorily prosecuted. Examining the allegations in Plaintiffs' Amended Complaint, I conclude that this is no more than a land use dispute, and that there is an important state interest present which weighs in favor of abstention.

C. Opportunity to Raise Federal Claims in State Court.

The pending state court action is proceeding in the Court of Common Pleas of Chester County, Pennsylvania. That court is a court of general jurisdiction, which is fully capable of hearing all state and federal constitutional claims which Plaintiffs may have.[5] I conclude that Plaintiffs have the opportunity to raise their federal claims in state court, making abstention appropriate in this matter. .

IV. **Conclusion**

*ORDER*

**AND NOW,** this day of July, 2001, upon consideration of Defendant's Motion to

Dismiss Plaintiffs' Complaint, Plaintiffs' Response, Plaintiffs' Supplemental Response and Defendant's Reply, **IT IS HEREBY ORDERED** that:

1. Defendant's motion is **GRANTED,** and Plaintiffs' Amended Complaint is **DISMISSED, WITH PREJUDICE.**

2. The letter from Plaintiffs' counsel dated June 16, 2001, is to be **FILED AND DOCKETED.**

time. Moreover, said Section 617.2 as drawn fails to apprise persons of reasonable intelligence and common understanding when and under what circumstances liability for penalties in excess of $500 has or may accrue. Moreover, the district justice having in this instance made no determination that a violation has occurred, even less the determination as to Plaintiffs' good faith which Section 617.2 on its face requires, they cannot properly defend against the Township's claim before a Board of Arbitrators, which lacks authority to remand to the district justice for additional hearings.

31. Section 617.2 as sought to be applied against these Plaintiffs would deprive them of their property without due process of law and contravene the Fourteenth Amendment of the United States Constitution.

5. The Supreme Court has cautioned against the presumption that state courts are not able to fully adjudicate and safeguard federal constitutional rights. *See Middlesex,* 457 U.S. at 431, 102 S.Ct. 2515.